AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California


FILED
APR 24 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

One Samsung Galaxy cellular telephone
Serial Number: R38G50M3XDK

) ) ) ) ) ) Case No.

**18MJ1970**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

located in the **Southern** District of **California**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-2

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841, 846 | Conspiracy to Distribute Methamphetamine |

The application is based on these facts:
See attached affidavit of Drug Enforcement Administration Special Agent Garrett Risberg.

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Garrett Risberg, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/24/18

*Judge's signature*

City and state: San Diego, California       Hon. Jan M. Adler, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Garrett Risberg, being duly sworn, hereby state as follows:

## INTRODUCTION

1. This affidavit supports an application for a warrant to search the following electronic devices (collectively **Target Devices**):

   a. one LG cellular telephone, IMEI: 35701708102337-9 (**Target Device #1**), as described in Attachment A-1 and incorporated here; and

   b. one Samsung Galaxy cellular telephone, Serial Number: R38G50M3XDK (**Target Device #2**), as described in Attachment A-2 and incorporated herein;

   and seized evidence of crimes, specifically, violations of Title 21, United States Code, Sections 841, 846, as outlined in Attachments B-1 and B-2.

2. This search supports an investigation of Dean Alvin STRATTON ("STRATTON") following his arrest for conspiracy to distribute methamphetamine on April 18, 2018. **Target Device #1** was located on STRATTON. **Target Device #2** was located in a satchel possessed by STRATTON. National City Police Officers seized the **Target Devices** incident to STRATTON's arrest. **Target Devices** are currently being stored as evidence at the National City Police Department in the evidence vault located at 1200 National City Boulevard, National City, California 91950.

3. Based on the information below, there is probable cause to believe that a search of the **Target Devices** will produce evidence of the aforementioned crimes, as described in Attachments B-1 and B-2.

4. The information contained in this affidavit is based upon my experience and training, consultation with other federal, state, and local law enforcement agents. The evidence and information contained herein was developed from interviews and my review of documents and evidence related to this case. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Devices**, it does not contain all of the information known by me or other federal agents regarding this investigation, but only contains those facts believed to be necessary to establish probable cause.

1

## EXPERIENCE AND TRAINING

5. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am presently employed as a Special Agent ("SA") for the United States Drug Enforcement Administration ("DEA").

6. I was hired by the DEA in July of 2016, and I attended the DEA academy for approximately twenty weeks. At the DEA Academy, I was trained in all aspects of conducting narcotics investigations. In February 2017, I was sworn as a DEA Special Agent and was assigned to DEA San Diego Field Division's ("SDFD") Enforcement Group 5 in San Diego, California. This enforcement group primarily investigates illegal drug trafficking organizations operating in the United States, and internationally, including those organizations whose operations involve the distribution of wholesale quantities of cocaine, methamphetamine, marijuana, and heroin in and around the San Diego, California area.

7. While with the DEA, I have participated in more than 50 investigations involving violations of the California Health & Safety Code and federal Title 21. I have also consulted and worked closely with other agents in DEA SDFD Enforcement Group 5 who have participated in hundreds of investigations involving violations of controlled substances laws. These investigations involved: (1) unlawful importation, exportation, manufacture, possession with intent to distribute and distribution of narcotics; (2) the laundering of narcotics proceeds and monetary instruments derived from narcotics activities; and (3) conspiracies associated with narcotics offenses. These investigations have involved debriefing defendants, witnesses and informants, conducting surveillance, executing search warrants, seizing narcotics and narcotics-related assets and making arrests for narcotics-related offenses.

8. Based on my training and experience and discussions with other DEA agents and other law enforcement officers, about their experiences and the results of their

investigations and interviews, I am familiar with the methods utilized in narcotics trafficking operations, as well as the methods and means used by DTOs to control narcotics trafficking. Specifically, I am familiar with the importation of illegal narcotics into the United States from Mexico, the transportation of narcotics to centralized distribution points such as San Diego, and Los Angeles, and the distribution of narcotics to destination points throughout the United States. Additionally, I know that once the narcotics reach their final destination cities they are distributed by wholesale dealers down to street level users often through mid-level distributors. I am aware that cellular telephones are used to coordinate the importation and transportation of controlled substances.

9. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

   a. Drug smugglers will use cellular/mobile telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

   b. Drug smugglers will use cellular/mobile telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

   c. Drug smugglers and their accomplices will use cellular/mobile telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

   d. Drug smugglers will use cellular/mobile telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

   e. Drug smugglers will use cellular/mobile telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

   f. Drug smugglers and their co-conspirators often use cellular/mobile telephones to communicate with load drivers who transport their narcotics and/or drug

proceeds.

10. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I know that cellular/mobile telephones can and often do contain electronic records, phone logs and contacts, voice and text communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone. Specifically, I know based upon my training, education, and experience investigating these conspiracies that searches of cellular/mobile telephones yields evidence:

    a. tending to identify attempts to distribute methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States;

    b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the distribution methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States;

    c. tending to identify co-conspirators, criminal associates, or others involved in the distribution of methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States;

    d. tending to identify travel to or presence at locations involved in the distribution of methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States, such as stash houses, load houses, or delivery points;

    e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

    f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

11. On April 10, 2018, National City Police Department Officers obtained a search warrant in the Superior Court of the State of California. The search warrant authorized the search of the property located at 1434 East 16th Street, National City, California, 91950, vehicles on the property, a 1999 white SUV with Texas license plate DHX2866, and the person of Alvin Dean STRATTON. The search warrant authorized the seizure of controlled substances (including methamphetamine), drug paraphernalia, evidence of sale of methamphetamine, computers, cellular telephones, firearms, and other papers, documents and effects tending to show dominion and control. The search warrant was based on STRATTON selling methamphetamine from the 1434 East 16th Street property.

12. On April 18, 2018, officers executed the search warrant. STRATTON was pulled over in a vehicle a few blocks away from 1434 East 16th Street. Officers found STRATTON to be in possession of a black canvas satchel. Officers searched the satchel, which revealed STRATTON possessed two clear zip lock bags which contained a white crystalline substance which appeared to be methamphetamine. The satchel also contained a digital scale and **Target Device #2**. STRATTON was arrested for possession of a controlled substance for sale. **Target Device #1** was seized on STRATTON's person incident to his arrest. Officers conducted a presumptive test on the substances seized in STRATTON's satchel, which returned positive for methamphetamine. The net weight of methamphetamine seized from STRATTON was 118 grams. The search of STRATTON's residence at 1434 East 16th Street revealed baggies, scales, and other indicia of narcotics distribution.

13. Based upon my experience investigating narcotics distribution conspiracies and the facts of this case, I believe that STRATTON likely used **Target Devices** to coordinate the distribution of methamphetamine. Based on my investigation of drug importation and distribution conspiracies, the amount of methamphetamine possessed by STRATTON is significant and is indicative of a sizable customer base. I believe that it can

take several months to reach a customer base to distribute over 100 grams of methamphetamine. Therefore, I respectfully request permission to search **Target Devices** for data beginning on January 1, 2018, up to and including April 18, 2018.

14. I also know that recent calls made and received, telephone numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of the **Target Devices** which may identify other persons involved in narcotics trafficking activities. Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the narcotics smuggling activities of STRATTON, such as telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the **Target Devices**.

## **METHODOLOGY**

15. It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone

6

1  models using forensic hardware and software. Even if some of the stored information on
2  the device may be acquired forensically, not all of the data subject to seizure may be so
3  acquired. For devices that are not subject to forensic data acquisition or that have
4  potentially relevant data stored that is not subject to such acquisition, the examiner must
5  inspect the device manually and record the process and the results using digital
6  photography. This process is time and labor intensive and may take weeks or longer.

7  16. Following the issuance of this warrant, I will collect the subject
8  cellular/mobile telephone and subject it to analysis. All forensic analysis of the data
9  contained within the telephone and its memory cards will employ search protocols directed
10 exclusively to the identification and extraction of data within the scope of this warrant.

11 17. Based on the foregoing, identifying and extracting data subject to seizure
12 pursuant to this warrant may require a range of data analysis techniques, including manual
13 review, and, consequently, may take weeks or months. The personnel conducting the
14 identification and extraction of data will complete the analysis within ninety (90) days,
15 absent further application to this court.

## CONCLUSION

17 18. Based on all of the facts and circumstances described above, there is probable
18 cause to conclude that STRATTON used the **Target Devices** to facilitate violations of Title
19 21, United States Code, Sections 841, 846. **Target Devices** were likely used to facilitate
20 the offense by transmitting and storing data, which constitutes evidence of the conspiracy
21 to distribute methamphetamine.

22 19. Because the **Target Devices** were promptly seized during the investigation of
23 STRATTON's distribution activities and have been securely stored, there is probable cause
24 to believe that evidence of the conspiracy to distribute methamphetamine committed by
25 STRATTON continues to exist on the **Target Devices**.

26 20. WHEREFORE, I request that the court issue a warrant authorizing FBI
27 Special Agents and/or other federal and state law enforcement officers to search the items
28

described in Attachments A-1 and A-2, and the seizure of items listed in Attachments B-1 and B-2, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Garrett Risberg
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this ___ day of April, 2018.

HONORABLE JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A-2

## PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code, Sections 841, 846 is described below:

One Samsung Galaxy cellular telephone
Serial Number: R38G50M3XDK

("**Target Device #2**"). Agents seized **Target Device #2** from a black satchel on the floor in the passenger compartment where Dean Alvin STRATTON sat in the vehicle on April 18, 2018. The satchel also contained methamphetamine and a receipt belonging to STRATTON. STRATTON was arrested for distribution of methamphetamine. **Target Device #2** is currently in possession of the National City Police Department in the evidence vault located at 1200 National City Boulevard, National City, California 91950.

## **ATTACHMENT B-2**

## ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A-2 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. The seizure and search of the cellular telephone will be conducted in accordance with the procedures outlined in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period of January 1, 2018, to April 18, 2018:

a. tending to identify attempts to distribute methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the distribution methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in the distribution of methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States;

d. tending to identify travel to or presence at locations involved in the distribution of methamphetamine or some other controlled substance within the Southern District of California and elsewhere in the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

**which are evidence of violations of Title 21, United States Code, Sections 841, 846.**